UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Trustees of the LOCAL 7 TILE INDUSTRY WELFARE FUND, Trustees of the LOCAL 7 TILE INDUSTRY ANNUITY FUND, Trustees of the TILE LAYERS LOCAL UNION 52 PENSION FUND, Trustees of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, and Trustees of the INTERNATIONAL MASONRY INSTITUTE,<br><br>Plaintiffs,<br><br>-against-<br><br>MORRIS PARK CONTRACTING CORPORATION and MPCC CORP.,<br><br>Defendants. | 11 cv 790 (RRM) (MDG)<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT MORRIS PARK CONTRACTING CORPORATION** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby propound the following interrogatories to Defendant Morris Park Contracting Corporation ("Morris Park"). Morris Park must answer each of the following interrogatories under oath, in writing, separately, in the fullest detail possible, in accordance with the definitions and instructions set forth below. The answers must be signed by the person making them and must be served, together any objections, within 30 days.

**DEFINITIONS AND INSTRUCTIONS**

A.  "Document" is defined as any recording of information in tangible form. It includes, but is not limited to, plans, administrative orders or agreements, letters, memoranda, reports, evaluations, correspondence, intra-office communications, inter-office communications, agreements, contracts, invoices, checks, journals, ledgers, telegrams, handwritten notes, periodicals, pamphlets, computer or business machine

print-outs, consultants' or accountants' work papers, consultants' or accountants' statements and writings, notes, minutes, or records of meetings; printers' galleys, books, papers, speeches, advertising material, material filed with government agencies, government contract specifications, blueprints, office manuals, employee manuals or office rules and regulations, reports of experts; any other written matter, tape recordings or other sound or visual reproduction materials, computer data bases, or any tangible or physical objects, however produced or reproduced, upon which words or other information are affixed or recorded or from which, by appropriate transcription, written matter or a tangible document may be produced. Where a document is to be identified or produced, the complete original -- or a complete copy if the original is not available -- together with all prior drafts and all copies, including notations thereon, which are in any manner different from the original are to be identified or produced.

B. "Morris Park" means Morris Park Contracting Corporation and all officers, directors, employees, shareholders, partners, members, corporate parents, subsidiaries, affiliates, predecessors and successors thereof.

C. "MPCC" means MPCC Corp. and all officers, directors, employees, shareholders, partners, members, corporate parents, subsidiaries, affiliates, predecessors and successors thereof.

D. "Union" means the Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers, and any predecessor thereof.

E. "Funds" means the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, Tile Layers Local Union 52 Pension Fund, Bricklayers & Trowel

Trades International Pension Fund, and International Masonry Institute, and any predecessor thereof.

F. "Person" means any human being in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and includes, but is not limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

G. "Communication" means any oral, written, or other utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

H. "Relating to" or "relates to" means in any way, directly or indirectly, concerning, constituting, referring to, relating to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, encompassing, representing, supporting, qualifying, terminating, revoking, canceling, negating, or listing.

I. The words "and" and "or" must be construed either disjunctively or conjunctively, whichever construction is necessary to bring within the scope of the request documents that otherwise would be outside its scope.

J. The singular form of a word includes the plural, and vice versa, unless the circumstances clearly indicate otherwise.

K. The masculine form of a word includes the feminine, and vice versa, unless the circumstances clearly indicate otherwise.

L. In the event that a document required to be identified by these interrogatories has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible including without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; reason for disposal; person(s) having knowledge of the disposal; and person(s) disposing of the document.

M. If the attorney-client privilege, work product doctrine or any other privilege or immunity is claimed as to any document required to be identified by these interrogatories, the response hereto shall state the date of such document, the name(s) and address(es) of the person(s) who prepared it and the person(s) to whom it was directed or circulated, and the name(s) and address(es) of the person(s) who have custody of such document.

N. These interrogatories pertain to the period January 1, 2003 through the present. Where the context indicates, these interrogatories also pertain to periods prior to January 1, 2003.

O. "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and additionally, when referring to a natural person, means to give the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

P. "Identify" (with respect to documents) means to give, to the extent known, the (i) type of documents; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

Q. These interrogatories are continuing and require supplemental responses. If any information responsive to any interrogatory is not presently known, identifiable or available, include a statement to that effect, furnish the information when known, identifiable or available and produce relevant documents within 30 days from the time such document becomes known, identifiable or available, unless otherwise agreed to by counsel. In addition, you are under a duty to amend a prior response if you obtain information which you know would make the prior response incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## **INTERROGATORIES**

1. Identify all persons who have possession, custody, or control of corporate records of Morris Park.

2. Identify all persons who have possession, custody, or control of financial records of Morris Park.

3. Identify all current and former owners and shareholders of Morris Park.

4. Identify all current and former officers of Morris Park.

5. Identify all current and former directors of Morris Park.

6. Identify all persons who currently or previously supervised tile setting and/or tile finishing work performed by employees of Morris Park.

7. Identify all persons currently or previously employed or engaged by Morris Park whose duties relate or related to payroll.

8. For each person identified in response to Interrogatories 3 through 7, identify all corporate entities, partnerships, and other business concerns with which that person is or was affiliated, employed, or otherwise connected.

9. Identify each of Morris Park's current and former suppliers.

10. Identify all equipment currently or previously used or owned by Morris Park.

11. Identify all projects on which Morris Park performed or is performing tile setting and/or tile finishing work, and for each such project identify the owner, general contractor, or other person with which Morris Park contracted, the amount of the contract, the address of the jobsite, the persons whom Morris Park employed on the project as tile setters and/or tile finishers, the number of hours worked by each such person, the number of hours and dollar amounts of any contributions that Morris Park made to the Funds on behalf of each such person, the start and end dates of Morris Park's work at the site, and any subcontractor used by Morris Park.

Dated: New York, New York
      April 20, 2011              **VIRGINIA & AMBINDER, LLP**

By:    /s/ *Marc A. Tenenbaum*
       Charles R. Virginia
       Marc A. Tenenbaum
       *Attorneys for Plaintiffs*
       Trinity Centre
       111 Broadway, Suite 1403
       New York, New York 10006
       (212) 943-9080

## CERTIFICATE OF SERVICE

I certify that on this 20th day of April 2011, I caused the foregoing Plaintiffs' First Set of Interrogatories to Defendant Morris Park Contracting Corporation to be served by first-class mail, with postage prepaid, to:

>Sheldon Feinstein, Esq.
>Feinstein & Nisnewitz, P.C.
>42-40 Bell Boulevard
>Bayside, NY 11361

>*/s/ Marc A. Tenenbaum*
>Marc A. Tenenbaum