File No. 10626

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

Trustees of the LOCAL TILE INDUSTRY
WELFARE FUND, Trustees of the LOCAL 7
TILE INDUSTRY ANNUITY FUND, Trustees of
the TILE LAYERS LOCAL UNION 52 PENSION
FUND, Trustees of the BRICKLAYERS &
TROWEL TRADES INTERNATIONAL PENSION
FUND, and Trustees of the INTERNATIONAL
MASONRY INSTITUTE,

                              Plaintiffs,

       -against-

MORRIS PARK CONTRACTING CORPORATION and
MPCC CORP.,

                              Defendants.

----------------------------------------x

Civil Action No. CV 11-00790
Mauskopf, Jr.
Go, M.J.

DEFENDANT MORRIS PARK
CONTRACTING CORPORATION'S
RESPONSE TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS

        Defendant MORRIS PARK CONTRACTING CORP., by its attorneys Feinstein & Nisnewitz, P.C. for its response to plaintiffs' first request for production of documents states as follows:

        1.    <u>See</u> Exhibit "A".

        2.    None

        3.    None

        4.    <u>See</u> Exhibit "B".

        5.    None

        6.    Defendant has no such documents in its

possession.

7. Defendant has no such documents in its possession.

8. Defendant objects to this request as it is overly broad, vague and calculated to lead to admissible evidence.

9. Defendant objects to this request as it is overly broad, vague and calculated to lead to admissible evidence.

10. This defendant is not in possession of any such document.

11. This defendant is not in possession of any such document.

12. This Defendant is not in possession of any such document.

13. Defendant objects to this request on the grounds it is overly broad, burdensome and not calculated to lead to relevant evidence.

14. Defendant objects to this request on the grounds it is overly broad, burdensome and not calculated to lead to relevant and/or evidence.

15. Defendant objects to this request on the grounds it is overly broad, burdensome and not calculated to lead to relevant and/or admissible evidence.

16. Defendant objects to this request on the grounds it is overly broad, burdensome and not calculated to lead to relevant and/or admissible evidence.

17. Defendant objects to this request on the grounds it is overly broad, burdensome and not calculated to lead to relevant and/or admissible evidence.

18. Defendant objects to this request on the grounds it is overly broad, burdensome and not calculated to lead to relevant and/or admissible evidence.

19. Defendant objects to this request on the grounds it is overly broad, burdensome and not calculated to lead to relevant and/or admissible evidence. Defendant has not performed any construction work since 2005.

20. Defendant does not have such records.

21. Defendant is not in possession of such records.

22. Defendant objects to this demand as oppressive, overly broad not relevant and not likely to lead to admissible evidence. In addition, defendant is not in possession of such documents.

23. Defendant objects to this demand as oppressive, overly broad not relevant and not likely to lead to admissible evidence. In addition, defendant is not in possession of such documents.

24. Defendant objects to this demand as being overly broad, oppressive not relevant and unlikely to lead to admissible evidence. Defendant, however, is furnishing this defendant's Federal income tax returns from 2005 through 2010, as Exhibit "B".

25.-40. Defendant objects to these demands as being overly broad oppressive not relevant and unlikely to lead to admissible evidence.

41.-42. This defendant is not in possession of any of the requested documents.

43. See Exhibit "A".

44. See Exhibit "A".

45. See Exhibit "A".

46. See Exhibit "A".

47. See Exhibit "C".

48. This defendant is not in possession of the requested documents.

49.-50. See Exhibit "D".

51. This defendant is not in possession of the requested documents.

52. This defendant is not in possession of the requested documents.

53. This defendant is not in possession of the requested documents.

54. This defendant is not in possession of the requested documents.

55. This defendant is not in possession of the requested documents.

56. This defendant is not in possession of the requested documents.

57. Defendant objects to this request on the ground that it is not relevant and not likely to lead to admissible evidence.

58. This demand is premature and this Defendant reserves the right to submit further document up time of trial.

59. None

60. None other than documents annexed hereto.

Dated: Queens, New York
June 8, 2011

FEINSTEIN & WISNEWITZ, P.C.

By: Sheldon Feinstein, Esq. (5861)
Counsel to the Firm
Attorneys for Defendants
42-40 Bell Boulevard
Bayside, New York 11361
718/631-0800

STATE OF NEW YORK )
                      ) SS.:
COUNTY OF QUEENS )

      I, the undersigned, an attorney admitted to practice in the courts of New York State, state:

      That I am the attorney of record for defendant in the within action; I have read the foregoing Defendant Morris Park Contracting Corporation's Response to Plaintiffs' First Request for Production of Documents and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

      The reason this verification is made by me and not by defendant is that affirmant has his office in Queens County and defendant resides in Westchester County.

      The grounds of my belief as to all matters not stated upon my own knowledge are as follows: based upon conversations had with defendant and the records on this matter kept in affirmant's office.

      I affirm that the foregoing statements are true under the penalties of perjury.

                                              _____
                                              Sheldon Feinstein